**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> §     EP-18-CV-00259-DCG <br> **ONE 2017 DODGE NEON SEDAN,** § <br> **BEARING VEHICLE** § <br> **IDENTIFICATION NUMBER** § <br> **ZFAADABP5H6E61O44,** § <br> § <br> *Respondent*. § | |

## MEMORANDUM ORDER

Presently before the Court is the Government's "Motion for Default Judgment of Forfeiture and Memorandum of Law In Support Thereof" (ECF No. 10) ("Motion") filed on April 9, 2020. Therein, the Government requests the Court to enter default and final judgment of forfeiture against any and all right, title, and interest of Francisco Javier Amaro-Arratia ("Amaro-Arratia") and Lorenzo Talamantes Federico ("Talamantes") in the One 2017 Dodge Neon Sedan Bearing Vehicle Identification Number ZFAADABP5H6E61O44 ("Respondent Property"), and against any and all right, title, and interest of all other potential claimants who were served by publication. Mot. at 1, ECF No. 10. For the reasons that follow, the Court **GRANTS** the Government's Motion.

### I. BACKGROUND

On November 20, 2017, the Respondent Property was seized in a business located at 2004 Bassett Avenue, El Paso, Texas. First Am. Verified Compl. for Forfeiture at 2, ECF No. 2. The Government filed its original "Verified Complaint for Forfeiture" (ECF No. 1) on September 18, 2018, and its "First Amended Verified Complaint for Forfeiture" (ECF No. 2) on

October 25, 2018.  A warrant for the arrest of the Respondent Property was issued on February 5, 2019, Warrant for the Arrest of Property (ECF No. 5), and served upon the Respondent Property on October 3, 2019, ECF No. 6.

On February 19, 2019, the "Notice of Complaint for Forfeiture" and "Verified Complaint for Forfeiture" were sent via FedEx International Priority to Talamantes at Galenea 161, Entre Zaragoza y Coronado, Lerdo, Durango, Mexico 35150.  Mot. at 2.  The notice sent by FedEx International Priority was received on February 21, 2019.  *Id.*  The Government then published the "Notice of Complaint for Forfeiture" on an official government internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on April 19, 2019, and ending on May 18, 2019, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  On July 24, 2019, the Government filed the corresponding "Declaration of Publication" (ECF No. 4).  And on August 14, 2019, the Government also sent its "Notice of Complaint for Forfeiture" and "Verified Complaint for Forfeiture" via certified mail, return receipt requested to Amaro-Arratia at Giles W. Dalby Correctional Institution, 805 North Avenue F, Post, Texas 79356.  The notice sent by certified mail, return receipt requested was received on August 19, 2019.

Amaro-Arratia and Talamantes were provided with 35 days in which to file a verified claim in the Respondent Property, and anyone else who wanted to assert an interest in it was also provided with 60 days, as well as another 21 days in which to file an answer with the Court.  To date, no claims or answers have been filed under 18 U.S.C. § 983(a)(4) and Rule G, and the time for doing so has expired.

On April 7, 2020, the Government filed its "Request for Entry of Default" against the Respondent Property, ECF No. 7, and on the next day, the Clerk of the Court entered default

against the Respondent Property pursuant to Federal Rule of Civil Procedure 55(a).  Clerk's Entry of Default, ECF No. 9.  On April 9, 2020, the Government filed the instant Motion.

## II. STANDARD

### A. Civil Forfeiture Actions

Title 21 U.S.C. § 881(a)(4) subjects to civil forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)."  21 U.S.C. § 881.  After this type of property is seized, the Government may file a verified complaint for forfeiture in a United States District Court under 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

If the Government files such a complaint, the Government must publish "notice of the action within a reasonable time after filing the complaint or at a time the court orders."  Fed. R. Civ. P. Supp. R. G(4)(a)(i).  The Government may publish this notice by "posting [it] on an official internet government forfeiture site for at least 30 consecutive days."  Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).  Further, "[t]he [G]overnment must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the [G]overnment."  Fed. R. Civ. P. Supp. R. G(4)(b)(i).  Any person who claims the seized property subject to civil forfeiture may file a verified claim asserting an interest in it.  18 U.S.C. § 983(a)(4)(A).

After the Government has given notice by publication on an official online government forfeiture site, any potential claimant has 60 days to file a claim.  Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).  If the Government provided notice by service of the verified complaint, the

potential claimant must file a claim asserting an interest in the seized property within 35 days after direct notice is sent. Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B). Upon filing a claim, any claimant must file an answer to the complaint within 21 days. Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(C).

The Government has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture and that there was a substantial connection between the property to be forfeited and the criminal activity. 18 U.S.C. § 983(c)(1). A court may not enter a judgment of forfeiture unless the Government has shown that it has appropriately provided notice. Fed. R. Civ. P. Supp. R. G(4)(a)(i).

**B. Default Judgment**

Federal Rule of Civil Procedure 55 governs entry of default judgment. If no claim is ever filed under 18 U.S.C. § 983(a)(4) and Rule G, the Government may request an entry of the default. *See* Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may move the court for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." (emphasis added)). The court may grant the motion only if there is "a sufficient basis in the pleading for the [default] judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In addition to the complaint, the court, may consider evidence that "simply add[s] factual details [and thereby] fleshe[s] out [the plaintiff's] claim" or "serve[s] as further proof" of the plaintiff's allegations. *Wooten v. McDonald Trans. Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil

Procedure 8.  *Wooten*, 788 F.3d at 498 & n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into the default-judgment context.").  Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("A default judgment [must be] supported by well-pleaded allegations, assumed to be true.").  "[D]etailed factual allegations" are not required, but the complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

In this case, the Government has satisfied its burden in seeking a default and final judgment in its favor and against any and all right, title, and interest to and in the Respondent Property.  First, the Government has shown that it has appropriately provided notice of forfeiture to any potential claimants pursuant to Rule G.  The Government timely filed its Verified Complaint and sent notice of the action and a copy of its Verified Complaint to Amaro-Arratia and Talamantes pursuant to Fed. R. Civ. P. Supp. R. G(4)(b)(i).  The Government also posted public notice of its action on the official online government forfeiture site for 30 consecutive days pursuant to Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).  To date, no claims or answers have been filed in this cause of action and the time for such filing has expired.

And second, the Government has satisfied its burden of showing that the Respondent Property is subject to forfeiture and that there was a substantial connection between it and

violations of 21 U.S.C. § 846 & 841(a)(1) and (b)(1)(A)(viii).  The Government alleges that on November 20, 2017, at approximately 10:30 a.m., members of the El Paso Division Strike Force 1 (the "Strike Force") established surveillance at the vicinity of 8484 Alameda #7, El Paso, Texas, 8925 Alameda Ave., El Paso, Texas, 2004 Bassett Dr., El Paso, Texas and 6700 Gateway Boulevard East, El Paso, Texas.  First Am. Verified Compl. for Forfeiture at 2.  The Strike Force established this surveillance in anticipation of an impending purchase of approximately 20 pounds of methamphetamine from an unknown male based out of Durango, Mexico, who was later identified as Amaro-Arratia.  Id. at 1–2.

The Government further asserts that at approximately 11:00 a.m., Amaro-Arratia spoke with a Confidential Source ("CS") via telephone, and stated that he was at a warehouse located at 2004 Basset Dr., El Paso, Texas and that he was attempting to retrieve the methamphetamine from a hidden compartment of the Respondent Property.  Id. at 2.  At approximately 11:45 a.m., Amaro-Arratia spoke again to the CS via telephone and stated that he was on his way to the Chevron Gas Station located at 6700 Gateway Boulevard, and added that he was driving a red colored Ford Explorer.  Id.  At approximately 11:57 a.m., Special Agent Uriel I. Acosta ("Acosta") observed Amaro-Arratia arrive at the aforementioned location and park his vehicle beside the CS's vehicle.  Id.  Subsequently, Acosta and Special Agent Brendon Zartman ("Zartman") observed Amaro-Arratia enter the CS's vehicle and meet with him.  Id.  Shortly thereafter, Acosta and Zartman observed Amaro-Arratia go back to his vehicle, retrieve a large voluminous trash bag and enter the CS's vehicle again.  Id.  Acosta and Zartman listened to the CS and Amaro-Arratia count the number of bundles inside the confidential source's vehicle.  Id.  At approximately 12:15 p.m., the agents approached the CS's vehicle and displayed their law enforcement insignias, and placed Amaro-Arratia under arrest without incident.  Id.

On October 11, 2017, a grand jury indicted Amaro-Arratia on October 11, 2017, with Conspiracy to Possess a Controlled Substance with Intent to Distribute (Count 1) and Possession with Intent to Distribute a Controlled Substance (Count 2), in violation of 21 U.S.C. § 846 & 841(a)(1) and (b)(1)(A)(viii).  *Id.*  On April 25, 2018, Francisco Javier Amaro-Arratia pled guilty, pursuant to a written plea agreement to Count One of the Felony Indictment.  *Id.* 2–3.  Based upon Amaro-Arratia's admissions at his Rule 11 proceeding, EP-17-CR-02038-PRM, the Respondent Property was involved in the Conspiracy to Possess a Controlled Substance with Intent to Distribute offense.  *Id.* at 3.

Therefore, the Court is of the view that the Government's Verified Complaint adequately sets forth "a sufficient basis" for forfeiture of the Respondent Property.  Accordingly, the Government is entitled to entry of a default and final judgment in its favor and against any and all right, title, and interest to and in the Respondent Property of Amaro-Arratia, Talamantes, and all potential claimants who received notice by publication.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's "Motion for Default Judgment of Forfeiture and Memorandum of Law In Support Thereof" (ECF No. 10) is **HEREBY GRANTED.**

**IT IS FURTHER ORDERED** that any and all right, title and interest of Francisco Javier Amaro-Arratia, Lorenzo Talamantes Federico, and of any and all other potential claimants who were served by publication, in the Respondent Property One 2017 Dodge Neon Sedan Bearing Vehicle Identification Number ZFAADABP5H6E61O44 is hereby held in **DEFAULT** and **FORFEITED** to the Government.

**IT IS FURTHER ORDERED** that the United States Marshals Service, and/or its designated substitute custodian **SHALL** dispose of the Respondent Property, in accordance with law.

**IT IS MOREOVER ORDERED** that any and all costs and expenses regarding the seizure and forfeiture process of the Respondent Property be reimbursed to the United States Marshals Service, and/or their designated substitute custodian from the Respondent Property.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** the Clerk of the Court **SHALL CLOSE** this case.

**So ORDERED and SIGNED this 15th day of April 2020.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE